## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JEFFREY J. SPERRY, #47031** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 18-CV-3120-SAC** |
| | ) | |
| **RAYMOND ROBERTS, et al** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, Johnnie Goddard, James Heimgartner, Lindsey Wildermuth, Rex Pryor, and Raymond Roberts by and through counsel, Assistant Attorney General Natasha M. Carter, and in accordance with D. Kan. 7.1(a) and D. Kan. 7.6, submit this Memorandum in Support of their Motion to Dismiss, or in the Alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Fed. R. Civ. P. 56. The Notice required by D. Kan. 56.1(f) is also being provided herewith. Defendants respectfully request that their motion be granted and this action dismissed, stating the following in support.

### NATURE OF THE CASE

Jeffrey Sperry ("Inmate Sperry") is an inmate currently housed at the El Dorado Correctional Facility ("EDCF"). Inmate Sperry sued the Defendants for alleged constitutional violations under § 1983 and various state tort law violations. Inmate Sperry argues that Defendants embezzled interest from his inmate account thereby violating his Fifth Amendment rights under the Takings Clause, violated of his Fourteenth Amendment due process and equal protection rights, and embezzlement under the RICO Act. As discussed below, Inmate Sperry's official capacity

claims are barred by the 11th Amendment and Inmate Sperry has failed to state a claim for relief against the Defendants in their individual capacities based on any cognizable law.

## STATEMENT OF FACTS

1.      Inmate Sperry is currently housed at EDCF.  (KASPER Report, Doc. 16-1 at 1).

2.      Interest was not paid on inmate trust accounts from 2012 to 2017 because the bank fees to manage the accounts cost KDOC more than any interest paid.  (*Martinez* Report, Doc. No. 16, Exhibit D to *Martinez* Report, Doc. 16-4 at 1-96).

3.      Once the interest started exceeding the fees again, the interest was again paid. (Exhibit I to *Martinez* Report, Doc. 16-9 at 1-2). Since June 20, 2017, Inmate Sperry's inmate account has received cash interest payments. (*Id.*).

4.      On October 15, 2015, Inmate Sperry filed a grievance with his Unit Team Manager ("UTM") requesting that all inmates within KDOC be reimbursed the interest that KDOC had allegedly failed to pay. (Exhibit C to *Martinez* Report, Doc. 16-3 at 1).

5.      The request was denied by the UTM in accordance with KDOC Internal Management Policy and Procedure ("IMPP") No. 04-103, which, in part, states that "immediately upon close of monthly interest earning period, interest accrued on inmate trust funds less the applicable bank service fee shall be credited to each active account as of the date of allocation in the same proportion as the average daily balance of the investment group." (Exhibit G to *Martinez* Report, IMPP 40-103, § II.A). The UTM provided Inmate Sperry with the response from D. Ferris in accounting, noting that "the trust fund interest continues to be less than the expense incurred to maintain the trust fund accounts." (Exhibit C to *Martinez* Report, Doc. 16-3 at 1).

6.      Inmate Sperry appealed this determination to Warden Rex Pryor, which was similarly denied on November 5, 2015. (Exhibit C to *Martinez* Report, Doc. 16-3 at 2-3). Inmate

Sperry then appealed to the Secretary of Corrections; however, Inmate Sperry's grievance was denied because the "response rendered to the inmate by staff at the facility is appropriate." (Exhibit C to *Martinez* Report, Doc. 16-3 at 4).

7.      Inmate Sperry never filed any grievances regarding due process or equal protection violations, embezzlement, conspiracy, or the RICO Act. (Declaration of Doug Burris (hereinafter "Burris Declaration"), attached hereto as Exhibit A).

## QUESTIONS PRESENTED

I.      Does the Eleventh Amendment bar claims against Defendants in their official capacities?

II.     Are Inmate Sperry's claims for injunctive relief moot?

III.    Are Inmate Sperry's claims related to any alleged violations prior to November 28, 2015 time-barred?

IV.     Has Inmate Sperry adequately exhausted his administrative remedies as required by the PLRA?

V.      Has Inmate Sperry failed to state a claim upon which relief can be granted?

VI.     Are Defendants entitled to qualified immunity as their actions (if any) did not violate clearly established law of which they as reasonable state officials should have known?

VII.    Has Inmate Sperry adequately alleged the personal participation of Defendants in any alleged constitutional violations?

VIII.   Should the Court decline to exercise pendant jurisdiction over Inmate Sperry's state law claims?

## ARGUMENT AND AUTHORITIES

### *Standards of Review*

### *Standard on Motion to Dismiss*

On a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint and determine whether those facts, and any inferences reasonably drawn from them, legally state a claim for relief. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In order to survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 12(b)(6) does not require detailed factual allegations, a plaintiff is obligated to provide more than labels and conclusions and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted); *see also Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (observing that the complaint must give the court "reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims").

The court should liberally construe a pro se plaintiff's complaint. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). But the court should not assume the role of advocate and should dismiss claims that are supported only by vague and conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

Furthermore, under Rule 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts must have a statutory or constitutional basis to exercise jurisdiction. *Davenport v. Wal–Mart Stores, Inc.*, No. 14–cv–2124–JAR–JPO, 2014 WL 3361729, at *1 (D.Kan. July 9, 2014). And, without jurisdiction, a court must dismiss

the case. *Id.* Plaintiff bears the burden to establish that jurisdiction is proper and thus bears the burden to show why the Court should not dismiss the case for lack of subject matter jurisdiction. *Id.*; *see also Kinney v. Blue Dot Servs.*, 505 Fed.Appx. 812, 814 (10th Cir.2012) (explaining that the "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it").

Generally, a Rule 12(b)(1) motion to dismiss consists of either a facial attack or a factual attack. *Davenport*, 2014 WL 3361729, at *1. The Tenth Circuit has explained the difference between the two:

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. *Id.* Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995) (citations omitted).

### *Summary Judgment Standard*

Although Defendants contend that this case can and should be decided on a motion to dismiss, this case could also be resolved as a matter of summary judgment. Summary judgment is required under Rule 56 of the Federal Rules of Civil Procedure when pleadings, affidavits, and any discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To determine whether a genuine issue exists, courts will view evidence in the light most favorable to the nonmoving party and will accept only reasonable inferences. *See Allen v.*

*Muskogee*, 119 F.3d 837, 839-40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine issue of fact by making allegations that are clearly unsupported by the record as a whole. *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). Further, any factual dispute must be not only genuine – "such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) – but also material, as determined by substantive law, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). Where there is no genuine dispute of material fact regarding just one of the essential elements a plaintiff must prove, then summary judgment must issue in the defendant's favor. *See Sports Unlimited, Inc. v. Lankford Enterprises., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002) (citing *Adler*, 144 F.3d at 671).

## I.    The Eleventh Amendment Bars claims against the Defendants in their Official Capacities for Money Damages and Retroactive Relief.

Inmate Sperry's § 1983 claims for money damages against the Defendants in their official capacities are barred by the Eleventh Amendment and should therefore be dismissed for lack of subject matter jurisdiction.  *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000). As employees of KDOC during the time in question, the Defendants share the State's immunity from money damages for suits against them in their official capacities.  *See White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding Eleventh Amendment immunity barred § 1983 claims against prison officials in their official capacities).  Thus, all monetary damage claims against the Defendants in their official capacities must be dismissed.

Moreover, the State, state agencies, and state officials sued in their official capacities are not "persons" for purposes of § 1983.  *See* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute . . . of any State, subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action

at law. . . .") (emphasis added); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding neither states nor individual sued in their official capacities are "persons" under § 1983); *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003) (affirming dismissal of § 1983 claim against the State).  As a result, the Defendants are not "persons" amenable to suit under § 1983 and any such claim should be dismissed.

Finally, Inmate Sperry is seeking retrospective injunctive and declaratory relief, which does not fall within the *Ex Parte Young* exception.  (Doc. No. 1 at 22-23).  The *Ex Parte Young* doctrine acts as an exception to Eleventh Amendment immunity in a lawsuit against state officials acting in their official capacities for ongoing violations of federal law that seeks prospective equitable relief.  *See Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908).  In determining whether the exception applies, the court conducts a "straightforward inquiry in whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002).

Here, Inmate Sperry is requesting that Defendants "immediately start paying [him] his proper interest on his inmate trust account," a declaratory judgment, and compensatory damages. (Doc. No. 1 at 22-23).  This request for injunctive, declaratory relief and monetary damages is obviously backward looking and does not seek any prospective relief.  Requests for "monetary damages, and retroactive declaratory relief are barred by the Eleventh Amendment."  *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).  The limited exception to State Eleventh Amendment immunity available under *Ex Parte Young* does not apply to allow for jurisdiction in this case. It "is designed to end continuing violations of federal law." The *Martinez* Report makes clear that Inmate Sperry does not suffer from any continuing violations of federal law, as he is

currently receiving interest on his inmate accounts. There are no allegations in the Complaint which would support the application of *Ex Parte Young*. The injunctive, declaratory and monetary relief requested by Inmate Sperry is therefore barred by the Eleventh Amendment.

## II.   Inmate Sperry's claim for injunctive relief is moot.

To maintain a claim, Inmate Sperry must present an actual, ongoing dispute. *F.E.R. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995). "[A] plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured by the defendant in the future." *Unified School Dist. No. 259, Sedgwick County, Kan. V. Disability Rights Center of Kansas*, 491 F.3d 1143, 1147 (10th Cir. 2007).

Inmate Sperry seeks injunctive relief on his claims. He asks the Court to order Defendants to "immediately start paying [him] his proper interest on his inmate trust accounts." (Doc. 1 at 22). Inmate Sperry's interest payments on his inmate trust accounts resumed on June 20, 2017. There is no longer a dispute about whether Defendants should begin paying interest on Inmate Sperry's accounts. Therefore, this issue is moot for purposes of prospective injunctive relief. *See Deberry v. Davis*, 460 F. App'x 796, 799 (10th Cir. 2012) (inmate's transfer back to general population rendered his claim moot as it would have no effect in the real world).

No exception to mootness applies here. One exception to mootness is when the dispute is capable of repetition yet evades review. *Valdez*, 58 F.3d at 1533. To qualify for this exception, Inmate Sperry must show a reasonable likelihood that he will again suffer the alleged deprivation. *Id*. This exception is only to be used in exceptional situations. *Id*. Inmate Sperry has not demonstrated that there is a reasonable expectation that the alleged violation will reoccur. Inmate Sperry admits that he previously regularly received interest on his inmate trust accounts. (Doc. 1). He has not provided anything that would indicate that interest payments on the trust fund accounts

are likely to stop again in the future. A speculative argument that a moot issue might one day again become an issue cannot be considered. *White v. State of Colorado*, 82 F. 3d 364 (10th Cir. 1996). The probability must be "demonstrated," not merely alleged. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Inmate Sperry cannot demonstrate there is a reasonable expectation that he would again suffer the alleged deprivation.

### III. Inmate Sperry's claims related to alleged violations prior to November 28, 2015 are time-barred.

Inmate Sperry's claims allegedly occurring prior to November 28, 2015 are barred by the applicable two-year statute of limitations. § 1983 claims are subject to the two-year statute of limitation period provided by K.S.A. § 60-513(a)(4). *See e.g.*, *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006); *Parker v. Bruce*, 109 F. App'x 317, 319 (10th Cir. 2004). Inmate Sperry does not allege that he lacked access to the courts prior to November 28, 2015, or that the statute of limitations should have been tolled. Any claims related to alleged violations prior to November 28, 2015 are time-barred.

### IV. Defendants are entitled to dismissal on Inmate Sperry's claims regarding due process, equal protection, embezzlement, conspiracy, and the RICO Act because Inmate Sperry failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA") provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title. . .by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). This mandatory requirement demands that a prisoner comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The KDOC's four step inmate grievance procedure is outlined in K.A.R. 44-15-102. *Smith v. Rudicel*, 123 Fed. Appx. 906, 907 (10th Cir. 2005). Briefly summarized, inmates are first to attempt an informal resolution of the issue with their unit team members, which must be documented on an inmate request form; also known as a "form 9." If this informal resolution fails, an inmate may submit a grievance form to his or her unit team, with the documentation of the attempts at informal resolution attached. If the inmate feels the response is inadequate, he or she may appeal the grievance to the Warden, and then again to Secretary of Corrections in steps three and four the process, respectively.

Exhaustion is important for two main reasons. First, it protects "administrative agency authority" and gives the agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled in federal court." *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (internal quotation marks omitted)). Second, it "promotes efficiency." *Id*. Exhaustion allows adjudication of a dispute more quickly than federal court litigation and helps produce a useful record for potential litigation. *See id*. At the heart of exhaustion is the understanding that it gives "the agency a fair and full opportunity to adjudicate their claims." *Id*. at 90.

The Tenth Circuit has cautioned that "an inmate must properly comply with grievance procedures" and "substantial compliance" with the prison's grievance process is insufficient. *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007); *see also Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (holding the doctrine of substantial compliance inapplicable to grievance procedure). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*,

549 U.S. 199, 218 (2007). In Jones, the United States Supreme Court clarified that the contents of any grievance-related form must be robust enough "to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation" *Id*. at 219 (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) (internal quotation marks omitted)); see also *Woodford*, 548 .S. at 90 ("[P]roper exhaustion of administrative remedies…means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).").

These mandatory administrative remedies apply to each of Plaintiff's claims. *Jones*, 549 U.S. at 218. Where an inmate exhausts his administrative remedies as to some, but not all, claims brought under § 1983, the court should dismiss the unexhausted claims and proceed forward only on those claims which plaintiff has exhausted. *Id.* This is because, under the PLRA, exhaustion is not left to the discretion of the district court, but is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

In this case, to the extent Inmate Sperry brings claims of violations of his due process and equal protection rights, embezzlement, conspiracy, or violations of the RICO Act against the KDOC officials, Inmate Sperry failed to exhaust the available administrative remedies because he either did not properly grieve these claims, or failed to grieve them altogether.  On October 15, 2015, Inmate Sperry filed a grievance with the UTM at LCF complaining of Defendants alleged failure to pay interest on inmate accounts and of the administration fee paid by inmates.  On October 26, 2015, Inmate Sperry filed a follow-up to the October 15th grievance reiterating his complaints regarding interest on inmate accounts and the administration fee. On November 4, 2015, Inmate Sperry filed a formal grievance to the warden, complaining of the alleged failure to pay interest on inmate accounts and the administration fee. On November 12, 2015, Inmate Sperry

filed a grievance with the secretary of corrections claiming "KDOC owes [him] and every other inmate, several years of interest on [their] money. KDOC must immediately pay over all this delinquent interest and fire everyone involved in the criminal embezzlement of our money." (Appeal of Grievance to Secretary of Corrections, attached hereto as Exhibit B).  As is clear from the grievance record attached to the *Martinez* Report, undisputed by Inmate Sperry, he never filed any grievances as to violations of his due process and equal protection rights, conspiracy, or violations of the RICO Act. (Burris Declaration, at ¶ 4).  Further, Inmate Sperry's inclusion of the word "embezzlement" for the first time in his appeal to the secretary of corrections is insufficient to properly exhaust his remedies on his embezzlement claim.  The defendant initially carries the "burden…to prove administrative remedies were available and plaintiff failed to exhaust these remedies." *Iverson v. Bell*, No. 16-3102-JTM, 2017 WL 4422646, at *2 (D. Kan. Oct. 5, 2017) (*citing Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *10 (D. Kan. Sept. 10, 2014)).  Once defendants have met this burden, "the burden shifts to plaintiff to show a genuine issue for trial." *Id*.

In *Lewis v. Carrell*, No. 12-CV-3112-DDC-JPO, 2014 WL 4450147, at *10 (D. Kan. Sept. 10, 2014), the Court held that defendants had met their burden in circumstances similar to this case. Defendants claimed plaintiff had not appealed his grievance to the Secretary of Corrections. The Court noted,

> Defendant initially carries the "burden … to prove administrative remedies were available and plaintiff failed to exhaust these remedies." (citations omitted). Defendant supports his argument with two affidavits, one from Trudi Temple and another from Doug Burris. Ms. Temple, a Senior Administrative Assistant at EDCF who serves as custodian of the inmate grievance records, testified she reviewed the grievance appeal record of plaintiff. Her testimony establishes that the business records maintained by the Secretary of Corrections do not contain a record showing plaintiff appealed his Grievance # 17960 to the Secretary of Corrections after EDCF's Warden rejected it. Mr. Burris, the Corrections Management and designee to the Secretary of Corrections for review and disposition of inmate grievance appeals, reviewed the plaintiff's grievance appeal records for the period of January 1, 2012

to May 7, 2012, and he testified that these business records do not contain any grievance submitted to the Secretary of Corrections. The Court finds that defendant, therefore, has satisfied his initial burden to show that plaintiff failed to exhaust the relevant administrative remedy available for his claim.

*Id.*

Inmate Sperry cannot meet his burden as he cannot prove that he followed mandatory grievances procedures as to all of his claims. As a result, to the extent Inmate Sperry brings claims regarding violations of his due process and equal protection rights, embezzlement, conspiracy, or violations of the RICO Act, these claims fail because Inmate Sperry *never* filed *any* grievances as to the due process, equal protection, conspiracy or RICO Act claims and did not properly exhaust regarding the embezzlement claim. Because Inmate Sperry must follow mandatory grievance procedures for each of his claims and did not file any proper grievances alleging violations of his due process and equal protection rights, embezzlement, conspiracy, or violations of the RICO Act, Defendants are entitled to dismissal on these claims.

## V.     Inmate Sperry Fails to State a Claim upon which relief can be granted

Even if Inmate Sperry had adequately exhausted his administrative remedies, his claims must still be dismissed for failure to state a claim upon which relief can be granted.

### A.     Inmate Sperry has failed to allege specific facts showing an agreement and concerted action among the Defendants.

Inmate Sperry claims the collective "Defendants" conspired to deprive him of his constitutional rights. In order to plead a conspiracy in a federal claim under 42 U.S.C. § 1983 (and its kindred statutes,) "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. . . . Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). "Speculative and conclusory

musings" are not enough to support an allegation of conspiracy.  *Boyd v. City of Victoria, Kansas*, No. 16-4106-SAC, 2017 WL 3581737, at *11 (D. Kan. Aug. 18, 2017).

These allegations are unsupported by the record. Although Inmate Sperry generally alleges the Defendants have engaged in a "conspiracy to violate [his] civil rights…" (Doc. 1 at 15), these allegations are nothing more than vague conclusory statements. Inmate Sperry's allegation of conspiracy is not supported by a single relevant factual allegation.  *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (conspiracy claim properly dismissed where plaintiff failed to allege specific facts showing an agreement and concerted action against among defendants); *Couch v. Mitchell*, 15-CV-4926-DDC, 16-WL-5122534, at *7 (D. Kan. Sept. 20, 2016) ("Without specific facts supporting an agreement, plaintiff's general allegations are insufficient to state a conspiracy claim under § 1983.") (citation omitted). Inmate Sperry has failed to allege specific facts showing an agreement between any of the Defendants. Therefore, dismissal of the conspiracy claim is required as a matter of law.

### B.     Inmate Sperry fails to allege a cause of action for violation of his Fourteenth Amendment due process rights.

Inmate Sperry has made only conclusory allegations regarding violations of his due process rights. Inmate Sperry's due process claim should be dismissed because the Complaint fails to establish that existing state law remedies are inadequate. The United States Supreme Court has recognized that an individual does not have an action for deprivation of property if an adequate post-deprivation state remedies exist. *See Parrett v. Taylor,* 451 U.S. 527 (1981); *Hudson v. Palmer,* 486 U.S. 517 (1984). Adequate post-deprivation relief bars a claim for deprivation of property regardless of whether the deprivation was negligent (*Parrett,* 451 U.S. 527) or intentional. *Hudson,* 486 U.S. 517. *See Miles v. Kansas*, No. 18-3258-SAC, 2019 WL 1931957, at *2 (D. Kan.

May 1, 2019) (complaint subject to dismissal where plaintiff failed to allege any facts regarding an alleged deprivation of property, or that an adequate post-deprivation remedy was unavailable).

Inmate Sperry does not allege that an adequate post-deprivation remedy was unavailable. Indeed, Inmate Sperry provides *no* facts regarding his due process claim. His conclusory allegations are insufficient to support a constitutional claim for the denial of his Fourteenth Amendment due process rights and dismissal is warranted.

### C.       Inmate Sperry fails to allege a cause of action for violation of his rights to equal protection.

To state a valid equal protection claim, Inmate Sperry must state how the government has intentionally treated him differently from other similarly situated citizens. "The allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action." *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998). When the different treatment is not based on a suspect classification, the plaintiff must also allege sufficient facts to establish that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose." *Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir.1994). Just saying Plaintiff was "treated differently," is not sufficient**.**

Inmate Sperry does not provide any facts regarding the alleged deprivation of his equal protection rights. He does not state how he was treated differently from similarly situated inmates. Quite simply, there is nothing to support his equal protection claim beyond his bare conclusory allegations. These allegations are insufficient to support a constitutional claim for the denial of the equal protection of the laws and dismissal is warranted.

**D.      Inmate Sperry has failed to state an "embezzlement under the R.I.C.O. Act" claim.**

The Court must also dismiss Inmate Sperry's Complaint for failure to state a RICO claim. Because a RICO claim inherently involves a fraud claim, Inmate Sperry must comply with the heightened pleading requirement pursuant to Federal Rule of Civil Procedure 9(b). "To properly allege the predicate acts, plaintiff must specify the who, what, where, and when of each purported act." *Med. Supply Chain, Inc*. 419 F. Supp. 2d at 1328-29 (internal quotations and citation omitted). The allegations must clearly state "specific details, such as time, location, or the capacity and identity of certain individuals involved with specific instances of alleged illegal conduct." *Janis v. Story & Assoc*., 124 F.3d 216, *5 (10th Cir. 1997). Where "plaintiff's RICO claims [are] too vague, conclusory, and factually insufficient to state a claim upon which relief could be granted," the complaint must be dismissed. *Id*.

Inmate Sperry has not alleged the "who, what, where, and when" of each purported act by each Defendant. To the contrary, Inmate Sperry's averments consistent of the single phrase "constitutes embezzlement under the R.I.C.O. Act." (Doc. 1 at 15). Inmate Sperry's Complaint does not provide the required factual predicate to state a viable RICO claim. Because Inmate Sperry's allegations cannot satisfy the requirements of pleading a RICO claim, Inmate Sperry's RICO claim must be dismissed.

**VI.      Defendants are entitled to qualified immunity.**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). This doctrine also protects officials from "costly and

harassing litigation" that would "potentially inhibit officials in performing their official duties." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001).

When a defendant raises qualified immunity as a defense, a plaintiff must allege facts plausibly showing a violation of his constitutional right, and must further show that the constitutional right was clearly established at the time of the violation. *Columbian Fin. Corp. v. Stark*, 811 F.3d 390, 396 (10th Cir. 2016). However, if a plaintiff fails to satisfy either part of the inquiry, a court must grant the defendant qualified immunity. *Medina*, 252 F.3d at 1128. In determining whether a right is clearly established, the relevant, dispositive inquiry is whether it would be clear to a reasonable official that his or her conduct was unlawful in the situation. *Klaassen v. Univ. of Kan. Sch. of Med.*, 84 F. Supp. 3d 1228, 1249 (D. Kan. 2015).

In briefing qualified immunity issues, all that a defendant is obligated to do is raise the defense. The burden of presenting legal authorities to establish the existence of clearly established law then falls exclusively on the plaintiff. *See Rozek v. Topolnicki*, 865 F.2d 1154, 1157 (10th Cir. 1989). Unless there is a controlling Supreme Court or Tenth Circuit decision on point or a "robust consensus of cases of persuasive authority" declaring the conduct to be wrongful, qualified immunity must apply. *Stewart v. Beach*, 701 F.3d 1322, 1331-32 (10th Cir. 2012) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

### A. Inmate Sperry's claims should be dismissed because he failed to allege that the Defendants violated any constitutional right that was clearly established.

The court may consider either prong of the qualified immunity test first. *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This Court can decide this case on the second prong of the qualified immunity analysis, i.e., whether the violated right was "clearly established" at the time of the violation. *See Panagoulakos*, at 1129 ("As the 'clearly established' prong resolves this case, we begin with it.");

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Skipping the constitutional violation question may be appropriate for conserving judicial resources in "cases in which it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right." *Id.* at 236-37.  In order for there to be a clearly established right, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Cortez v. McCauley*, 478 F.3d 1108, 1114-15 (10th Cir. 2007) (internal citation omitted).

Inmate Sperry cannot come forward with case law in this Circuit showing that the right to earn interest on his inmate account was clearly established.  To the contrary, this issue has resulted in a Circuit split.  The Ninth Circuit has found that interest income on inmate accounts "is sufficiently fundamental that States may not appropriate it without implicating the Takings Clause." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1201 (9th Cir. 1998). Nonetheless, a taking cannot occur unless the property is taken for public use. *See Schneider v. California Dep't of Corr.*, 345 F.3d 716, 720 (9th Cir. 2003).  Laws that run afoul of this rule are those that divert interest to a common inmate welfare fund. *See id.* at 720-21; *McIntyre v. Bayer*, 339 F.3d 1097, 1099-1100 (9th Cir. 2003) (finding pooling interest and requiring inmates to contribute a portion of their wages to victims' compensation fund implicated Takings Clause).  In *Ward v. Ryan*, 623 F.3d 807, 812-13 (9th Cir. 2010), the Ninth Circuit clarified that a statute requiring the mandatory withdrawal of $50.00 from prison wages for a dedicated discharge account to be paid to the inmate upon his release or pass to his heirs upon his death, did not implicate the Takings Clause.  The court explained that the money was not being taken because it was held for the inmate's benefit, and was not being used to benefit the government or anyone else. *Id.* at 813.

On the other hand, the First Circuit found that inmates have no property interest in future interest paid on inmate accounts. *Young v. Wall*, 642 F.3d 49, 52 (1st Cir. 2011). The First Circuit found no common law or statutory property right enabled inmates to demand interest on their accounts, especially given "the highly idiosyncratic context that prison presents" when it comes to property rights enjoyed by the incarcerated. *Id.* at 53-54. *See also Givens v. Alabama Dept of Corr.*, 381 F.3d 1064, 1069 (11th Cir. 2004) (concluding inmates have no property right to interest that accrues in their account); *Washlefske v. Winston*, 234 F.3d 179, 186 (4th Cir. 2000) (finding no property right in interest accruing in inmate accounts). In an unpublished decision that predated the above-discussed case law, the Tenth Circuit found that an inmate did not have a property interest in his mandatory savings account or his draw account, looking to Oklahoma state law to define such an interest. *Petrick v. Fields*, No. 96-6076, 103 F.3d 145, at *1-2 (10th Cir. Dec. 6, 1996).

The above-discussed Circuit split regarding a right to interest on an inmate trust account demonstrates that such a right is not clearly established. *Compare Young*, 642 F.3d at 52 (1st Cir. 2011) (finding no common law or statutory property right enabled inmates to demand interest on their accounts), *with Schneider*, 151 F.3d at 1201 (finding interest income earned on inmate trust accounts constitutes a fundamental right). Inmate Sperry cannot come forward with any law within this Circuit or established authority outside of it that supports deeming any of the constitutional rights at issue in this case as clearly established.

Finally, "broad, general propositions of law are insufficient to suggest clearly established law." *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010) (citing *Brousseau v. Haugen*, 542 U.S. 194, 198-99, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam)). "That is because the clearly established law must be such that it would put a reasonable official on notice that his

conduct was unlawful." *Id.* Because the right to earn interest on an inmate account was not clearly established, Defendants could not have reasonably foreseen this alleged conduct to be unlawful. Therefore, the Defendants are entitled to qualified immunity because a reasonable official could not have foreseen that the alleged conduct was unlawful.

## VII. The Complaint fails to allege personal participation by the Defendants in the alleged violations.

Defendants are entitled to dismissal on all claims against them in their individual capacities because the Complaint fails to allege a plausible claim that Defendants personally participated in any constitutional violations as required under § 1983.

In contrast to official capacity suits, claims against a person in his or her individual capacity "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foot v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citation omitted). Collective allegations against the state or against the "defendants" as a whole are insufficient to meet a plaintiff's burden to provide fair notice of the grounds for the claims made against each party. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Pursuant to § 1983, a named defendant must have personally participated in the deprivation of a plaintiff's constitutional rights to sustain individual liability for that defendant. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). There is no concept of strict supervisor liability under § 1983. *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks omitted). Supervisory liability "must be based upon active unconstitutional behavior" and "more than a mere right to control employees." *Id.* at 1153. A supervisor is not liable under § 1983 unless an "affirmative link" exists between the constitutional deprivation and the supervisor's

personal participation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Further, "the denial of . . . grievances alone is insufficient to establish personal participation." *Grissom v. Werholtz*, 524 F. App'x 467, 475 (10th Cir. 2013).

It is not enough for a plaintiff to allege generally that his constitutional rights "were violated" or to make the undifferentiated contention that "defendants" infringed his rights. *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). Rather, a plaintiff must make individualized allegations against each defendant that allow for "an individualized assessment of each defendant's conduct and culpability." *Id.* at 1233; *see also Brown v. Montoya,* 662 F.3d 1152, 1165 (10th Cir. 2011); *Burnett v. Miller*, 631 F.App'x 591, 598 n.8 (10th Cir. 2015) (unpublished) ("Defendants ought not to be treated as fungible commodities. A plaintiff is required to identify specific acts or omissions by each defendant entitling him to relief as to that defendant.").

Not only does Inmate Sperry's Complaint fail to specify what actions were taken by each individual Defendant, it does not specify how each Defendant personally participated in the alleged unconstitutional taking of interest on his inmate account. The brief section of Inmate Sperry's Complaint relevant here (Doc. 1 at 15) does not state how there is an affirmative link between the alleged violation and any of these Defendants. Inmate Sperry's bare allegations against Defendants are conclusory at best and are not enough to state a plausible claim under 42 U.S.C. § 1983. Notably, Inmate Sperry's Complaint "fails to isolate the allegedly unconstitutional acts" of Defendants. *Brown*, 662 F.3d at 1165. Merely listing Defendants in a list does not distinguish their actions from the others in the group. Nor does it support an inference that each Defendant personally took the actions that the Complaint attributes generally to the other Defendants listed in the Complaint. Listing defendants collectively does not show how individual defendants "might be individually liable for deprivations of [Inmate Sperry's] constitutional rights." *Id.*; *see also*

*Robbins*, 519 F.3d at 1249-50 (holding that complaint did not state a claim where it used the collective term "defendants" and made "no distinctions to what acts [were] attributable to whom"). Inmate Sperry's allegations are conclusory at best and fail to identify what acts are attributable to each defendant. Defendants are entitled to dismissal.

### VIII.   The Court should decline to exercise pendant jurisdiction for Inmate Sperry's state law claims.

Inmate Sperry's conversion, outrageous conduct, breach of fiduciary duty, and negligence claims against Defendants are state law claims for which they have Eleventh Amendment immunity. In *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984), the Court held:

> This need to reconcile competing interests is wholly absent, however, when a plaintiff alleges that a state official has violated state law. In such a case the entire basis for the doctrine of *Young* and *Edelman* disappears. A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

*Id*. at 911. Here, Inmate Sperry's conversion, outrageous conduct, breach of fiduciary duty, and negligence claims are purely state law claims governed by the laws of Kansas against Kansas officials. The Eleventh Amendment provides immunity for such claims brought in federal court. Therefore, Inmate Sperry's conversion, outrageous conduct, breach of fiduciary duty, and negligence claims should be dismissed.

Should the Court dismiss Inmate Sperry's constitutional claims, the Court has discretion to dismiss Inmate Sperry's state law claims of conversion, outrageous conduct, breach of fiduciary

duty, and negligence based on judicial comity. A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] jurisdiction original jurisdiction that they form a part of the same controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(c)(3). A court may decline to exercise that jurisdiction where it "has dismissed all claims over which it has original jurisdiction." *Heublein v. Wefald*, 784 F.Supp.2d 1186, 1200 (D. Kan. 2011) (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2017 WL 2831508, at *16 (D. Kan. June 30, 2017), appeal dismissed sub nom. *Schwab v. Gilmore*, No. 17-3160, 2017 WL 7048962 (10th Cir. Nov. 21, 2017) ("every consideration of judicial economy, convenience, fairness, and comity weigh against the court's exercise of supplemental jurisdiction over plaintiff's state law claims.").

Inmate Sperry has failed to state a claim upon which relief can be granted for any federal claim. Defendants respectfully request the court decline to exercise supplemental jurisdiction.

**IX.    Conclusion**

This case should be dismissed because the Defendants are immune from suit for money damages and retroactive relief for all official capacity claims and Inmate Sperry has failed to state an actionable claim for relief for the above-stated reasons.

Respectfully Submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Natasha M. Carter
Natasha M. Carter, KS No. 26074
Assistant Attorney General
Memorial Building, 2nd Floor
120 SW 10th Avenue,

Topeka, Kansas, 66612-1597
Phone: (785) 296-2215
Fax: (785) 291-3767
Email: natasha.carter@ag.ks.gov
*Attorney for Johnnie Goddard, Rex Pryor,*
*James Heimgartner, Lindsey Wildermuth*
*and Raymond Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2019, the above and foregoing was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following:

Jeff Cowger
Kansas Department of Corrections
714 SW Jackson, Suite 300
Topeka, KS 66603
Jeff.Cowger@ks.gov
*Attorney for Kansas Department of Corrections, Interested Party*

I also certify that a copy of the above was served via first-class mail, postage prepaid to:

Jeffrey J. Sperry, #47031
E.D.C.F., P.O. Box 311
El Dorado, KS 67042
*Plaintiff, Pro Se*

s/ Natasha M. Carter
Natasha M. Carter
Assistant Attorney General